J. L. WIEWALL & Co., *S. en C.*, Petitioner and Appellant, *v.* MUNICIPAL COURT OF BAYAMÓN ET AL., Respondent and Appellees.

No. 8680. Argued February 25, 1943.—Decided March 2, 1943.

*G. Rivera Cestero* for appellant. *P. J. Santiago Lavandero* for appellee, plaintiff in the main action. *Hartzell, Kelley & Hartzell, Rafael Hernández, James R. Beverley, José López Baralt,* and *B. Fernández García,* as *amici curiae.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question for decision in this case is whether or not a municipal court has jurisdiction to hear a claim against an employer on account of compensation for work or labor done for it by one or several workmen or employees, when the amount of the claim exceeds $500.

Deogracias Alvarez Cintrón, under the provisions of Act No. 10 of 1917 (Spec. Sess. Laws, p. 216), as amended in 1935 by Act No. 40 of that year (Laws of 1935, p. 238), alleging that he was an employee, sued his employer, J. L. Wiewall & Co., *S. en C.,* a mercantile partnership domiciled in Bayamón, in the municipal court of that city, claiming $3,919.40 on account of compensation for extra hours worked

by him for his employer for which the latter has not paid him.

The case was begun in accordance with the special provisions of said law and the municipal court having decided against defendant its challenge of the jurisdiction of the court on the basis of the sum claimed, defendant appeared before the district court and prayed that it issue a writ of prohibition directed against the municipal court and the plaintiff, ordering them to abstain from trying the suit.

The district court set October 2, 1942, to show cause, issuing a writ of prohibition, and after hearing, dismissed the complaint, with costs and $50 for attorney's fees, because it was of the opinion that in spite of the fact that the claim exceeded $500, the municipal court had jurisdiction to hear the case in accordance with the express provisions of the special law on the matter which we have already cited.

The employer appealed and the hearing of the case was held on February 25, 1943, with the appearance and argument of not only the parties represented by their attorneys, but also of three attorneys who appeared as *amici curiae*, two of whom argued in favor of appellant's contention and the other in favor of the contention of the appellee.

The decision of the question involved must be speedily and categorically rendered not only because there exists a great number of suits of a similar nature for large sums pending before the municipal courts of the island, but also because the Legislative Assembly is in session at present, and therefore would be able to resolve the problem without delay should its help be required.

■ That municipal courts are courts of limited jurisdiction which were created to hear normally all civil suits arising within its district where the sum claimed does not exceed $500, interest included, and that such being the case, their jurisdiction is not presumed but must appear affirmatively, is not questioned here. Section 4 of the Act Reor-

ganizing the Judiciary of Porto Rico of 1904, p. 93, Compilation of 1911, pp. 243, 246; §§3 and 4 of the Code of Civil Procedure; *Pujals Carlo* v. *Court,* 40 P.R.R. 87; *Archilla* v. *Registrar,* 61 P.R.R. 47; 21 C.J.S. 153.

Taking this for granted, we must ask ourselves: Was the trial court correct in holding that the special law in question expressly conferred upon municipal courts the jurisdiction which appellant holds that they do not possess?

In our judgment it was correct. The law reads as follows:

"That whenever a workman or employee shall have to claim from his employer any sum on account of compensation for work or labor done for said employer, or for compensation in case said workman or employee has been discharged without previous notice and without justified cause, he may appear before the municipal court of the municipal judicial district wherein the work was done or where said workman or employee resides on the date of the claim, and file a complaint against the employer, which complaint shall be made out or filled in, as the case may be, by the judge or secretary of the court, the workman or employee setting forth therein, under oath, the facts upon which the claim is founded.

"The complaint may include the claims of all such workmen or employees of the same employer, as failed to receive their wages due on the same work; *Provided,* That the filing of a claim by one or more workmen or employees shall not hinder the filing of other actions by other workmen or employees." Section 1 of Act No. 10 of 1917 to determine the procedure in cases of claims for wages by farm laborers against their employers, as amended by Act No. 40 of April 17, 1935, p. 238.

The words "any sum" used by the Legislature can not have any other meaning than the usual meaning, that is, they contain no limitation whatsoever.

To interpret the law in the sense that the phrase "any sum" must be read as "any sum within the jurisdiction of the municipal court: five hundred dollars," no matter how logical or convenient, or reasonable, would be to vary the simple meaning of the words of the Legislature, and that courts of law may not do.

The intent of the Legislature is invoked in order to determine the scope of the law and to that effect appellant in its brief copies the report of the Labor Committee of the House of Representatives on H. B. 76 which became Act No. 10 of 1917, and which reads as follows:

"Government of Puerto Rico, House of Representatives.—San Juan, P. R., Oct. 5, 1917.—To the House of Representatives: After study and consideration of H. B. 76 the Labor Committee advises the House that it be approved with the amendments made to the same.—The Committee is of the opinion that if this law is approved, it will place in the hands of workmen means for the making of claims which under our present law of procedure and costs, can not be made because the importance of the same is small as well as for the reason that in the great majority of cases they lack the money to pay the expenses and attorney's fees of the case.—(Signed) Manuel Texidor, Secretary. Antonio Rodríguez, President."

And to that same end our attention is called to the summary nature of the proceeding and to the duty which the law itself imposes upon the judge or the clerk to "make out or fill in the complaint," which shows that the Legislature had in mind suits for small amounts.

There can be no doubt that in drafting the law the Legislature had in mind the speedy and efficient means to which were entitled first farm laborers (Act of 1917) and later workmen and employees, defining them (amendment of 1923), and extending it later to claims joined in one complaint (amendment of 1925), granting to the claimants in addition to the means already granted within the jurisdiction of the same court, the cooperation of the officers of the executive department of the Department of Labor. Nor can there be any doubt that the whole thing carries with it the idea of claims for small amounts made by persons without means for the payment of attorney's fees and without sufficient knowledge for the drafting of the necessary documents and the prosecution of the claim.

However, there is nothing in the law to permit the assertion that the intention of the Legislature was to place a limit on the amount of the claim. What really appears is that the Legislature in drafting the law did not have in mind that detail and for that reason courts may not now· determine its intent, especially when having or not having in mind the scope which said words might have, it used words the meaning of which, as we have said, does not lend itself to narrow interpretations.

▮ The fact that the Legislature itself previously created municipal courts and fixed its ordinary jurisdiction, did not necessarily tie its hands for the future granting of other extraordinary jurisdiction which it might deem necessary upon said courts. And it was extraordinary jurisdiction which it conferred upon them when by the cited law it granted to them the power to hear this type of claims, enacting to that end a special proceeding. We are not then dealing with an implied repeal, not favored by the law, but with laws which may exist independent of one another. The Act of 1917 only regulates the special cases for which it was created, and the Act of 1904 continues in force without being affected by the former.

▮ As to the summary nature of the proceeding, no argument or legal citation has been submitted which would justify the conclusion that it does not comply with the due process guaranteed by the Constitution, and if one keeps in mind that the judgment which the municipal court may render can be appealed to the district court and a new trial had, it will be seen that this aspect of the question in no way aids appellant's position.

We understand that a claim for thousands of dollars, requiring the examination of much testimony and documentary evidence, is not easily adjudicated under the peremtory terms of the cited special proceeding before the trial court, but this difficulty is not enough to warrant intervention by courts

of law and a decision of the problem on the basis of interpretation. That is a matter within the jurisdiction of the Legislature. For the courts it is simply a case of *lex scripta*.

The appeal must be dismissed and the judgment appealed from affirmed. Costs were taxed in accordance with law and there is nothing to show an abuse of discretion in the granting of attorney's fees.

Mr. Justice De Jesús did not participate herein.